U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JAN 2 2 2016

TONY R. MOORE  CLERK
BY _____
           DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| FAIZ AHMED MOLLAH, Petitioner | CIVIL ACTION NO. 1:15-CV-2648; "P" |
| VERSUS | CHIEF JUDGE DRELL |
| DAVID COLE, ET AL., Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is the pro se petition for *writ of habeas corpus* filed pursuant to 28 U.S.C. § 2241 by Faiz Ahmed Mollah. Petitioner is an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement (DHS/ICE). He is being detained at the LaSalle Detention Center in Jena, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

On December 3, 2015, Petitioner was ordered to amend his habeas petition by January 4, 2016. (Doc. 4). To date, Petitioner has failed to comply with the Court's order.

A district court may dismiss an action for Petitioner's failure to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte,* without motion by a defendant.

Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." Id. at 629-630.

Petitioner has failed to comply with the Court's order to amend his petition, and he has not requested an extension of time within which to respond.

Therefore, **IT IS RECOMMENDED** that the § 2241 petition be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS

SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 22nd day of January, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge